THE PEOPLE EX REL. JAMES DOYLE, RESPONDENT, *v.* THE NEW YORK BENEVOLENT SOCIETY OF OPER-ATIVE MASONS, APPELLANT.

*Incorporation — presumption of — Writ of mandamus — its use to restore corporator to membership — Notice of trial for violation of by-law — By-law requiring member to join in strike — void as against public policy.*

Where a society is proceeded against by a name not inappropriate as a corporate designation, and the application is resisted by it in that name, and no denial of its corporate character is contained in the papers, it will be presumed that it is in fact a corporation.

It is a proper use of the writ of mandamus to restore a person to membership in a corporation from which he has been improperly expelled.

The by-law of the society provided that no member should be expelled until he had been notified to appear and show cause. The plaintiff received no notice until after a fine had been imposed upon him for an alleged misconduct, and that notice was simply to appear and pay the fine or show cause. He was tried by a committee of the society without notice of the charge on which he was fined, or opportunity given to him to defend himself against it. *Held,* that this could not, on general principles or under the by-law, justify his expulsion.

By-laws of a society which forbid a member to work at his trade at such prices as he chooses to accept, and compel him to join in a " strike " by punishing him for refusing so to do, are void as against public policy. (DAVIS, P. J.)

APPEAL from an order directing a writ of peremptory mandamus to issue, requiring the appellant to reinstate the relator in all the rights, privileges and benefits which, under the constitution and by-laws of the defendant, a society formed for benevolent purposes, belong to a member of it in good standing.

*S. B. Garvin,* for the appellant. The remedy by mandamus is granted only when there is no other, to prevent a failure of justice. (*Clark* v. *Miller,* 54 N. Y., 534.) Plaintiff's proper course is to bring his action. (*People ex rel. Dilcher* v. *German Church,* 53 N. Y., 103.) Where a voluntary association have jurisdiction, the courts will not interfere, but regard their decision as final and conclusive (*Connitt* v. *Dutch Church,* 54 N. Y., 551); and whatever the decision of the 'society, whether just or unjust, there is no appeal except such as is provided in the by-laws of the society. It is like an award — just as valid and conclusive as a judgment. (12 N. Y., 9; 9 Johns., 212; 14 id., 96.)

*Breen & Gearon,* for the respondent. Under the constitution and by-laws of this society, and under the laws of this State, the relator was entitled to due notice and an opportunity to be heard in his own defense, against any charge that might be made against him. (See MS. opinion of Judge BARRETT in *The People ex rel. O'Dowd* v. *N. Y. Benevolent Society of Operative Masons;* MS. opinion of Judge INGRAHAM in *The People ex rel. Corrigan* v. *Y. M. Father Matthew T. A. B. Society.*)

DANIELS, J. :

Although it was not distinctly alleged in the affidavits used in support of the application for a peremptory writ of mandamus, that the society was a corporation, they must be accepted as sufficient in that respect, in the disposition of the present appeal, because no objection was made to them, as defective on that account, when the application was heard upon them by the Special Term. If it had then been made, it is probable that it could have been removed by supplying legal evidence of the fact at that time, under such terms as could then have been prescribed. For that reason, the objection should now be treated as waived by the omis-

sion to urge it when it might have been in the applicant's power to correct it by means of further proof as to the fact. It may now, with propriety, be inferred from that omission and the circum-stances, that the society was proceeded against by a name not inap-propriate as a corporate designation; that the application was resisted by it in that name, and that no denial was contained in the papers of its corporate character; that it was in fact what its acts indicated, a corporation. For those reasons, the appeal should be disposed of, with that fact assumed against the appellant. From the applicant's affidavit, which, in this respect, was allowed to pass entirely uncontroverted, it was shown that he was expelled from the society for an alleged violation of one of its by-laws; and no distinction was either shown, or claimed to exist between member-ship in the corporation and membership in the society. But, on the other hand, it may be inferred from the papers, that the society and the corporation are one and the same entity. The substance of the application, therefore, was, that by means of the writ of mandamus, the applicant should be restored to his position as a member of the corporation itself. The case of *People* v. *German United Saint Stephen's Church* * was relied upon as an authority opposed to such a use of the writ of mandamus. But the decision in that case did not go to that extent. For the application which was there made, was so construed as to be limited to a claim to be restored to membership in the ecclesiastical body known as the church, as distinguished from the corporate society itself. It was from the ecclesiastical body that the relator had been expelled, and not from the congregation, as a corporator. And as member-ship in that was controlled entirely by the discipline of the church, as a merely religious association, and it was in no sense a corporate body, it was held that the writ of mandamus could not be lawfully issued, to restore the relator to membership in it.

The application in this case was of an entirely different nature. In substance it was to restore the applicant to membership in a cor-poration, formed under the statute of this State for benevolent purposes, and that involved a legal and proper use of the writ of mandamus. It was the only mode in which, by legal proceedings,

53 N. Y., 103.

he could secure such restoration; and its use for that purpose, has been sanctioned and maintained by judicial authority.*

The real cause of the applicant's removal and expulsion, was an asserted violation of the thirty-first article of the by-laws. For he was relieved of the other ground of complaint against him, on the production of his affidavit denying its truth. And that violation consisted, according to the by-law, either of going in on a regular strike, or taking a brother member's place, who had been discharged for upholding the laws of the society. The penalty authorized by way of punishment, was expulsion or a fine of twenty dollars, as the society might determine. That was explicitly provided by article thirty-one of the by-laws. It was not both which could be imposed upon the offender, but one or the other. And as it was shown by the affidavit of O'Callahan, produced on the part of the society, that a fine of twenty dollars was imposed, it would seem to follow that there was no authority for adding expulsion to it. The power of the society to expel the applicant could not, under the terms of the by-law, be executed in the case after the fine had been inflicted. By the first section of article thirty of the by-laws, it was provided that no member should be expelled, until he had been notified to appear and show cause; and the applicant swears that he never received any notice or intimation that either charge, found in the report of the committee, was about to be brought against him. This statement was not contradicted by anything contained in the papers produced on the part of the society. The notice produced upon the hearing was not of the character required by the by-law. For it was not served until after the fine was imposed, and did not propose that his conduct should be investigated, but simply that he should appear and pay the fine, or show cause. For what he was expected to show cause, was not stated nor in any way shown. It was not apparently designed to afford him an opportunity to be heard, as to the justice of the fine. For, when he did appear before the society, at a subsequent time, he protested his innocence of the charge, and stated that he could prove it; but no attention, he states, was paid to him by the society. It appeared that he was tried by the committee without notice of the charge on which he

* People v. Saint Franciscus Benevolent Society, 24 How. Pr., 216; People v. Erie Co. Medical Society, 25 id., 333; S. C., 32 N. Y., 187.

was fined, and from which he was not afterward relieved. That was unreasonable and unjust, and could not, either on general principles, or under the language of the by-law, justify his expulsion from membership.*

The failure to pay his dues was equally groundless as a reason for expulsion. For he offered to pay those which had accrued on the seventeenth of December, and the society declined to receive them. He had not been lawfully convicted of having done anything up to that time, depriving him of the right to make payment; for his trial and conviction had been conducted without notice to him of the proceeding. And for that reason it was not effectual against him for any purpose whatsoever. The society could not, because of his conviction, decline to receive his dues, and, in that manner involve him, for such a period, in arrears, as to justify his expulsion, as long as no notice was given him, which enabled him to contest or disprove the charges made against him. No reason for his expulsion was shown on the hearing of the application, authorizing or justifying that act under the provisions contained in the by-laws.

The order should therefore be affirmed, with ten dollars costs, besides disbursements on the appeal.

Brady, J., concurred.

Davis, P. J.:

I concur on the grounds expressed by Justice Daniels, and also on the ground that the by-laws under which the relator was expelled, and which, in effect, forbade the relator to work at his trade at such prices as he chose to accept, and compelled him to join in a " strike " by punishing him for refusing so to do, are void as against public policy.

Order affirmed, with ten dollars costs besides disbursements on appeal.

* People v. Saint Franciscus Society, 24 How. Pr., 216.